IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KIM ANTHONY POLONCZYK,
    Plaintiff,

vs.                                        Case No.: 3:11cv207/MCR/EMT

MICHAEL J. ASTRUE,
Commissioner of the Social Security
Administration,
    Defendant.[1]
_____

**<u>ORDER, REPORT AND RECOMMENDATION</u>**

    Before the court is Plaintiff's response to the court's May 10, 2011, order to show cause why—prior to service—this action should not be closed or transferred to the United States District Court for the Southern District of Mississippi, where Plaintiff resides (*see* doc. 11; *see* also docs. 1 and 9). Leave to proceed in forma pauperis has been granted (*see* doc. 12).

    Although Plaintiff apparently seeks to characterize this action as one alleging discrimination by the Social Security Administration (*see* doc. 11 at 1, referring to the instant action as "a separate civil discrimination action against the defendant Commissioner of Social Security Michael J. Astrue"), the essence of this suit is that Plaintiff seeks judicial review of an adverse administrative decision by the Defendant (*id.*, asking the court to "award the remedies to the plaintiff that he has deserved and badly needed for the past 12 years"). The proper venue for judicial review of the Commissioner's administrative decision is "the district court . . . for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal

---

[1] In styling this case Plaintiff originally identified the Defendant as "United States Social Security Disability" (doc. 1). The clerk shall be directed to change the style to reflect the correct reference to the Defendant, as shown here.

place of business within any such judicial district, in the United States District Court for the District of Columbia." 42 U.S.C. § 405(g). Based on Plaintiff's admitted address in Mississippi, venue for this case is not properly laid in the Northern District of Florida but rather in the Southern District of Mississippi.

Section 1406(a) of United States Code Title 28 provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This court concludes that it would not be in the interest of justice to transfer the instant matter to the United States District Court for the Southern District of Mississippi, in light of that court's recent rejection of Plaintiff's identical effort to obtain disability benefits, as well as to seek a change of venue to another forum. *See* Polonczyk v. U.S. Social Security Disability, 2011 WL 1356924 (S.D. Miss. April 11, 2011).[2] The district court in Mississippi concluded that it lacked jurisdiction to hear Plaintiff's claims because they had not been properly exhausted; the court further stated that it did not have the authority to transfer his case to another district court which, in any event would likewise lack subject matter jurisdiction to review Plaintiff's case (*id.* at *3).

In light of the rulings in Polonczyk v. U.S. Social Security Disablity, 2011 WL 1356924 (S.D. Miss. April 11, 2011), transferring this matter to the United States District Court for the Southern District of Mississippi for review would serve no useful purpose but rather would simply constitute a waste of limited judicial resources. As the interest of justice would therefore not be furthered by transfer, this court recommends the instant action instead be dismissed due to improper venue.[3]

---

[2] The court examined the docket sheet for the United States District Court for the Southern District of Mississippi in Polonczyk v. U.S. Social Security Disability, *supra*, and determined that the name of the Plaintiff is Kim Anthony Polonczyk, with an address of 9301 Martin Avenue, Ocean Springs, MS 39565. The name, address, and Social Security number of the Plaintiff in the instant case are identical to those of the Plaintiff in the Mississippi case. Additionally, based on a reading of Polonczyk and the complaint in this case, the court notes that the factual allegations of both actions are aligned. For these reasons, the court has no doubt that the Plaintiff in this case and in the Mississippi case are one and the same person seeking to present what is essentially the same claim. *See also* United States v. Berrojo, 628 F.3d 368 (5th Cir. 1980) (stating that "[t]he doctrine of judicial notice permits a judge to consider a generally accepted or readily verified fact as proved without requiring evidence to establish it.").

[3] This court does not provide legal advice to any litigant, and nothing herein stated shall be taken as such. The court notes, however, that if Plaintiff wishes to appeal the ruling as to the case filed in Mississippi, where venue is proper, it appears that time—albeit limited time—remains in which he may so proceed. The docket sheet in the Mississippi case reflects that the order of dismissal was entered April 11, 2011, and that to date, no notice of appeal has

Accordingly, it is **ORDERED**:

The clerk shall alter the docket to reflect that the style of this case is as shown above.

And it is respectfully **RECOMMENDED**:

That this matter be **DISMISSED** due to improper venue.

At Pensacola, Florida, this 24th day of May 2011.

        /s/ *Elizabeth M. Timothy*
        **ELIZABETH M. TIMOTHY**
        **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>, **858 F.2d 698, 701 (11th Cir. 1988).**

---

been filed. *See* Fed. R. App. P. 4(a)(1)(B) ("When the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered."). Thus, if Plaintiff wishes to appeal the Southern District of Mississippi's ruling, it appears he should do so immediately.

Case No.: 3:11cv207/MCR/EMT